BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
By: German Yusufov
Deputy County Attorney
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701
Telephone: (520) 740-5750
Facsimile: (520) 620-6556
State Bar No. 023544
Attorney for Creditor Pima County

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DANIEL BENITEZ,<br><br>Debtor. | Chapter 13<br><br>Case No. 4:09-bk-25557-EWH<br><br>**PIMA COUNTY'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 1** |

COMES NOW secured creditor Pima County, by and through undersigned counsel, and responds to Debtor's objection to its proof of claim (claim no. 1 in the claims register).

1. Claim no. 1 is a real property tax claim against Debtor's property for tax year 2009, in the amount of $1,764.63, secured by a first priority statutory lien on the property on which the taxes are owed. *See* Arizona Revised Statutes § 42-17154.

2. Under state law, the lien may not be removed until all taxes and interest have been paid. A.R.S. § 42-17153(C)(2).

3. Debtor asserts that the claim should be disallowed because the taxes are paid through escrow by the mortgage company, the first half has been paid, and the second is not yet due.

4. In making the objection, Debtor completely ignores both state and bankruptcy law.

5. Under state law, which governs the substance of claims in bankruptcy, *see Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20 (2000), Pima County's lien and, accordingly, its right to payment, attaches to the property on January 1 of the tax year, and cannot be removed until the taxes are paid. A.R.S. § 42-17153(C).

6. The term "claim" is defined, in section 101(5)(A) of the Code, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

7. The fact that Debtor may have an agreement with a third party (the mortgage company), by which the third party collects and pays Debtor's tax obligations, does not change the fact that the taxes are an obligation of Debtor, and the County has a right to payment from Debtor.

8. Nor is the fact that the second half of the taxes is not yet due change the fact that the County nevertheless has a right to payment of these taxes from Debtor, and therefore a claim against Debtor.

9. Moreover, section 502 of the Code provides that a claim shall be allowed unless one of the exceptions in that section applies. None of the exception to allowance is applicable here, nor does Debtor even make an attempt to show otherwise.

10. To the extent Debtor wants to continue paying Pima County's claim through the mortgage company, the proper way of doing so is to include language in the Plan to that effect, not to seek disallowance of the claim.

//

//

//

WHEREFORE, Pima County respectfully requests that the Court deny Debtor's objection to Pima County's claim.

RESPECTFULLY SUBMITTED this 20th day of November, 2009.

BARBARA LAWALL
PIMA COUNTY ATTORNEY

*/s/ German Yusufov*
German Yusufov
Deputy County Attorney

Copy of the foregoing mailed this
20th day of November, 2009, to:

Kathryn L. Johnson
Law Office of Kathryn L. Johnson, PLC
2 E. Congress Street, Suite 900
Tucson, Arizona 85701
Attorney for Debtors

Dianne C. Kerns
Office of the Chapter 13 Trustee
PMB#143
7320 North La Cholla Blvd., #154
Tucson, Arizona 85741

By: */s/ Gina Inman*

BARBARA LAWALL
PIMA COUNTY ATTORNEY
CIVIL DIVISION
32 N. Stone Avenue, #2100
Tucson, AZ 85701
(520)740-5750