**ORDERED.**

**Dated: January 20, 2010**

_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

James B. Ball (#007339)
James E. Shively (#011712)
Poli & Ball, P.L.C.
2999 N. 44th Street, Suite 500
Phoenix, Arizona 85018
(602) 840-1400

Attorneys for Compass Bank

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Daniel Benitez ,<br><br>        Debtor.<br>———————————————<br>Daniel Benitez ,<br><br>        Plaintiff,<br><br>vs.<br><br>Compass Bank,<br><br>        Defendant. | No. 09-25557-EWH<br><br>Chapter 13<br><br>Adv. No. 4:09-ap-01390-EWH<br><br><br><br>**ORDER REGARDING AVOIDANCE OF LIEN HELD BY COMPASS BANK** |

Pursuant to the Stipulation Regarding Avoidance of Lien Held by Compass Bank entered into by and between Daniel Benitez, ("Debtor"), and Compass Bank and good cause appearing therefore,
POLI & BALL, P.L.C.
2999 N. 44TH STREET, SUITE 500
PHOENIX, ARIZONA 85018
(602) 840-1400

**IT IS HEREBY ORDERED AS FOLLOWS**

1. Debtor are the makers of a revolving line of credit dated December 17, 2007, under which the Debtor received a loan from Compass Bank in the principal amount of $67,350.00 (the "Note"), which is secured by a second position Deed of Trust ("Second Deed of Trust") in favor of Compass Bank dated December 17, 2007, and recorded on January 14, 2008 with Pima County Recorder's Office at Instrument No. 20080091011, encumbering the real property located at 1601 N. Andros Place, Tucson, Arizona 85745 and more fully described as:

> LOT 1, OF WESTDRIDGE ESTATES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER PIMA COUNTY IN BOOK 14 OF MAPS, PAGE 83

The described property is referred to herein as the "Real Property."

2. Compass Bank's claim secured by the Second Deed of Trust is contingent upon confirmation of the Debtor's Chapter 13 Plan;

SUBJECT TO THE FOLLOWING CONDITIONS:

    a. The avoidance of Compass Bank's Second Deed of Trust is contingent upon the confirmation of the Debtor's Chapter 13 Plan;

    b. The avoidance of Compass Bank's Second Deed of Trust is contingent upon the Debtor's full performance and completion of her/his Chapter 13 Plan;

    c. The avoidance of Compass Bank's Second Deed of Trust is contingent upon the Debtor's receipt of a Chapter 13 discharge.

3. Upon receipt of the Debtor's Chapter 13 discharge and completion of her/his Chapter 13 Plan, Compass Bank shall, after receipt of Notice of said

discharge, promptly record a reconveyance of its Second Deed of Trust against the Subject Property with the Pima County Recorder's Office;

4. In the event of either the dismissal of the Debtor's Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code, Compass Bank shall retain its lien for the full amount due, Compass Bank's lien shall not be avoided, and Compass Bank's claim shall be treated as a secured claim.

5. Each party shall bear their own attorneys' fees and costs incurred in the present Adversary Case No. 4:09-ap-01390-EWH;

6. The terms of this Order shall be incorporated by reference in an Order confirming the Debtors' Chapter 13 plan in the bankruptcy Case No. 4:09-bk-25557-EWH.

DATED: _____

_____
U.S. Bankruptcy Court Judge

_____/s/  Karma Holmes_____
f:\apps\hotdocs\templates\arizona\adequate protection notice of filing.rtf